[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION TO DETERMINE SUFFICIENCY OF DEFENDANT'S OBJECTION TO PLAINTIFF'S REQUEST TO ADMIT, DATED JUNE 24, 1991
I.
Esther Gotler has brought this claim against her own CT Page 7241 automobile insurance carrier, Aetna Life Casualty Insurance Company. This litigation was commenced after Gotler settled a claim against another automobile operator, Jean Valunas, not a party to this action, for the full limits of Valunas' coverage with his carrier, United States Fidelity and Guaranty Company. Gotler's claim against Aetna is based on her underinsurance coverage and section 38-175a of our statutes.
With the pleadings closed and this case already claimed to the jury trial list, Gotler, pursuant to sections 237 through 241 of our rules of practice, submitted seven requests to admit to Aetna, three of which are now before us:
 5. That the injuries and damages sustained by the plaintiff, Esther Gotler, in the automobile accident of September 10, 1987, were proximately caused by the negligence of Jeanne[1]
Valunas.
 6. That on September 10, 1987, the vehicle operated by the plaintiff, Esther Gotler, on Lakewood Road in Waterbury, Connecticut, was struck in the rear by a vehicle being operated by Jeanne Valunas.
 7. That an accident on September 10, 1987 at the intersection of Lakewood Road and Industry Lane in Waterbury, Connecticut, involved the plaintiff's vehicle and a vehicle operated by Jeanne Valunas and was proximately caused by the negligence of Jeanne Valunas.
Request to Admit dated June 12, 1991.
To each of these requests for admission, Aetna submitted an identical objection:
 The Defendant objects to this request as it does not seek the admission of the truth of a matter of fact, as required by Section 238 of the CT Page 7242 Connecticut Practice Book. Rather, the request represents an improper attempt by the Plaintiff to circumvent the pleading rules of the Practice Book, and to seek through discovery a resolution of the factual issues involved in the case.
Answers and Objections to Request to Admit, dated June 20, 1991 (emphasis added).
Gotler now brings before us this Motion to Determine Sufficiency of Defendant's Objection to Plaintiff's Request To Admit. — We deem each objection to be legally insufficient.
 II.
The Connecticut Practice Book Rule 238 provides in pertinent part:
 A party may serve in accordance with Section 120 upon any other party a written request for the admission, for purposes of the pending action only, of the truth of any matters relevant to the subject matter of the pending action set forth in the request that relate to statements or opinions of fact or of the application of law to fact, including the existence, due execution and genuineness of any documents described in the request.
The predecessor to rule 238 applied only to admissions concerning documents. Our revised rule of practice, as now set forth in Rule 238, has significantly expanded the former rule to include the truth of any relevant matters relating to statements or opinions of fact and matters of mixed law and fact.
While our research uncovered no Connecticut case interrupting Rule 238 insofar as "the application of law to fact" is concerned, and the parties have furnished us no such authority, Rule 36 of the Federal rules of Civil Procedure is helpful since our rule of practice is borrowed from it.
The notes of the Advisory Committee on the 1970 amendment to Federal Rule 36 provide that allowing a request to admit to relate CT Page 7243 to statements or opinions of fact or the application of law to fact "eliminates the requirement that matters be `of fact'". Federal Rule of Civil Procedure 36, Advisory Committee's note. Thus, we conclude under our Rule 238, as it facially indicates, a request to admit need not solely present a "matter of fact" as suggested by Aetna in its three objections.
The purpose of a request to admit is to facilitate proof regarding issues that cannot be eliminated from the case and to narrow issues by eliminating those that can be so eliminated. Id. The advisory notes for the federal rule suggest that a request to admit matters of mixed law and fact may, in certain cases, effectively narrow the issues. Id. Admissions involving law as well as fact, such as an admission that an employee acted in the scope of employment or an admission that the defendant controlled the premises upon which an accident occurred, may remove a major issue from the trial and thereby reduce the proof required at trial. Id. were, Gotler's three contested requests for admission involving mixed law and fact may effectively serve the purposes of our rule by simplifying and narrowing issues for trial.
Accordingly, we deem Aetna'a objections to each of Gotler's requests for admission to be legally insufficient and we order Aetna to file within 30 days a further response in accordance with the mandates of this opinion and our rules of practice.
So ordered.
WILLIAM PATRICK MURRAY A Judge of The Superior Court